14 CV 0297

JUDGE MARRERO

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiff*



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIM ERICKSON,<br><br>    *Plaintiff,*<br><br>    v.<br><br>ZRII LLC; JOHN DOES 1-10,<br><br>    *Defendants.* | Civil Action No.:<br><br><br>**COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

Plaintiff JIM ERICKSON, by and through undersigned counsel, pursuant to the

applicable Federal Rules of Civil Procedure and the Local Rules of this Court, demands a trial by

jury of all claims and issues so triable, and for his Complaint against Defendants ZRII LLC and

John Does 1-10 hereby asserts and alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Jim Erickson ("Erickson" or "Plaintiff") is a professional photographer

who makes his living taking and licensing photographs.

2.      Erickson licenses his images through Erickson Productions, Inc. ("Erickson

Productions") whose primary place of business is Petaluma, California.

3.      Erickson Productions is the sole distributor and licensor of photographic images taken by Jim Erickson.

4.      Jim Erickson owns the copyrights to the photograph at issue in this action.

5.      Defendant ZRII LLC ("Zrii" or "Defendant") is a company that specializes in creating and marketing alleged health or energy drinks.

6.      Zrii markets and sells its products on its own website (www.zrii.com) and through direct marketing by individuals that it recruits by offer sales and recruitment incentives.

7.      Upon information and belief, Zrii's primary place of business in Draper, Utah.

8.      Upon information and belief, Zrii promotes and sells its products throughout the country and has recruited sales agents throughout the country, including in the State of New York.

9.      Defendants John Does 1-10 are the as-of-yet unascertained third party marketing and advertising entities to which Zrii distributed and provided copies of Plaintiff's photo in connection with the sale and marketing of Zrii's drink products.

10.     This is an action for copyright infringement and related claims brought by Plaintiff, the holder of copyrights to a photograph described herein, against Defendants for unauthorized uses of Plaintiff's copyrighted photograph.

11.     Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

12.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District, including because Defendant Zrii distributed the infringing advertisement featuring Plaintiff's photo in this District without permission.

13.     Venue also is proper under 28 U.S.C. § 1400(a) since Defendant may be found in this District and conducts substantial business in this District and because, upon information and belief, numerous of the John Doe Defendants to which Zrii distributed the photo also may be found in or conduct substantial business in New York.

## GENERAL ALLEGATIONS

14.     Plaintiff is a professional photographer who makes his living by taking and licensing photographs.

15.     Defendant exploited Plaintiff's copyrighted photograph identified in Erickson's records as "Image 951668-22" for commercial use without permission.

16.     The following is a true and correct copy of the subject photograph:



17.    The following is a true and correct copy of a screen capture of Defendant's unauthorized and infringing use of Plaintiff's photograph in promotional materials for Zrii's products:



18.    Zrii's use of Plaintiff's photograph in this advertisement was unauthorized and unlicensed.

19.    Zrii used this infringing advertisement to promote its energy or health drinks, including by displaying the infringing advertisement on its own websites.

20.    Upon information and belief, Zrii also created print and other promotional materials that included this unlicensed use of Plaintiff's photo.

21.    Upon learning of Zrii's unlicensed use of his photo, Plaintiff promptly issued a

cease and desist/takedown demand to Zrii and one of its marketing agents, All Star Life LLC.  A true and correct copy of these letters are attached hereto as Exhibit 1.

22.     Although Zrii acknowledged receipt of this cease and desist demand, it failed to provide any substantive response and took no action to effect the takedown of the infringing uses of Plaintiff's photo.

23.     On January 14, 2014, after receiving a second cease and desist/takedown demand, Zrii's "Compliance Department" denied that Zrii had ever used Plaintiff's photo; falsely claimed that Zrii did not create the infringing advertisement; and even went so far as to claim that Zrii's marketing department has "never seen the image in question" and that "the [infringing] image was not supplied by us [Zrii]" to any third parties.   A true and correct copy of the January 2014 response from Zrii's Compliance Department is attached hereto as Exhibit 2.

24.     Zrii's effort to deny responsibility for the unauthorized use of Plaintiff's copyrighted photo is patently and demonstrably false.

25.     Attached hereto as Exhibit 3 is a true and correct copy of a recent screen capture of a page from a Zrii slideshow presentation used to recruit salespersons that plainly shows that Zrii used the infringing advertisement in its promotional materials.

26.     Attached hereto as Exhibit 4 is a true and correct copy of a recent screen capture from the "slideshare" website showing that Zrii shared this slideshow presentation online and that this presentation was viewed by over 2,500 visitors to the site.

27.     Attached hereto as Exhibit 4 is a true and correct copy of a recent screen capture demonstrating that one of Zrii's employees or marketing agent "pinned" a link to Zrii's slideshow presentation to the Pinterest website as recently as 3 weeks ago.

28.     Attached hereto as Exhibit 5 is a true and correct copy of a recent screen capture

5

from Zrii's "Facebook" page showing that Zrii uploaded the infringing advertisement to its corporate page and even appears to have used the infringing image as its "profile" picture.

29.     Zrii's failure to comply with Plaintiff's repeated takedown demands, as well as its blatantly false representation that Zrii was not responsible for creating the infringing advertisement, demonstrate that Zrii's infringements were willful.

30.     Zrii's conduct and omissions also were intended to conceal information from Plaintiff that was necessary to protecting his copyrights.

31.     Upon information and belief, Zrii also exported copies of Plaintiff's photo without permission, including by publishing this infringing advertisement on its foreign websites.

32.     Attached hereto as Exhibit 7 is a true and correct copy of a recent screen capture from one of Zrii's foreign websites (Columbia) demonstrating that Zrii also illegally exported unauthorized copies of Plaintiff's photo in order to promote the sale of its products in foreign markets.

33.     Zrii also distributed this infringing advertisement to third parties and/or made the advertisement readily available for copying by its marketing and sales personnel and agents.

34.     Because Defendant has refused to cooperate or disclose information relating to its infringing use of Plaintiff's work, the full scope of Defendant's infringing activities in this regard have not yet been ascertained.

35.     Defendant has ignored and/or refused to cooperate with Plaintiff's demands for information regarding the scope of Defendant's infringements.

36.     Defendants ignored, failed, and/or refused to respond to Plaintiff's demands for information in order to conceal its illegal conduct.

6

37.     Plaintiff registered this photograph with the United States Copyright Office as part of copyright registration VA 1-421-551.

**COUNT I**
**COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS**

38.     Plaintiff repeats and re-alleges each allegation set forth in paragraphs above as if set forth fully herein.

39.     Plaintiff is the registered copyright owner of the creative work identified herein and that is the subject of this action.

40.     Defendant used, published, displayed, distributed, and exploited Plaintiff's creative work without a license or permission or authorization to do so.

41.     Defendant infringed Plaintiff's copyrights by exporting unauthorized copies of Plaintiff's photo.

42.     By using, displaying, distributing, exploiting, exporting, publishing, and otherwise exploiting Plaintiff's copyrighted creative work without permission, Defendant infringed Plaintiff's copyrights in the creative work identified herein.

43.      Defendant's infringements caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

44.     Defendant's unauthorized use of Plaintiff's copyrighted image was willful.

45.     Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringing use of Plaintiff's creative works, and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiff's copyrighted works.  Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**COUNT II**
**CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT**
**AGAINST ZRII**

46.     Plaintiff repeats and re-alleges each of the above allegations as if set forth fully herein.

47.     Defendant distributed Plaintiff's creative work to its marketing/advertising partners and/or improperly allowed third parties to have access to Plaintiff's photos.

48.     Defendant, by its actions and omissions, encouraged, authorized, facilitated and/or allowed these third parties to use Erickson's photos without a license.

49.     Defendant benefitted from these unauthorized uses of Plaintiff's photo, including by its receipt of monetary gain from supplying the photo to third parties in its promotional materials or to be used on third-party websites to promote Zrii's products.

50.     Defendant thus caused, enabled, induced, facilitated, materially contributed, and/or financially benefited from the unlicensed and infringing use of Plaintiff's photos by these third parties.

51.     Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profits attributable to the infringing use of Plaintiff's creative works, and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiff's copyrighted works.  Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1.     A preliminary and permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or selling the infringing publications

identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendant;

    2.      All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to infringement, and damages suffered as a result of the lack of credit and attribution;

    3.      Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

    4.      Any other relief authorized by law, including punitive and/or exemplary damages; and

    5.      For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated January 16, 2014
New York, New York.

                    Respectfully submitted,

                    NELSON & McCULLOCH LLP

    By:               
                    Danial A. Nelson (DN4940)
                    Kevin P. McCulloch (KM0530)
                    NELSON & McCULLOCH LLP
                    155 East 56th Street
                    New York, New York 10022

T: (212) 355-6050
F: (646) 308-1178
dnelson@nelsonmcculloch.com
kmcculloch@nelsonmcculloch.com

*Attorneys for Plaintiff*

# EXHIBIT 1



**Nelson & McCulloch** LLP

Intellectual Property Litigation
New York | District of Columbia

155 East 56th Street
New York, New York 10022
T: 212-355-6050
F: 646-308-1178

Dan Nelson*                                                                    Kevin P. McCulloch+

August 14, 2013

**VIA ELECTRONIC MAIL**
The All Star Life, LLC
11008 East Acoma Drive
Scottsdale, Arizona 85255
Tel: (480) 759-6231
E-Mail: levine@back4health.com; info@theallstarlife.com

      **Re:** *Unauthorized Use of Copyrighted Image*

To Whom It May Concern:

My name is Kevin McCulloch.  I represent Erickson Productions, Inc. ("Erickson") which owns the copyrights in a photograph that The All Star Life, LLC and Zrii are using without permission on your website.  I have attached copies of the image and a recent screen capture of the offending website.  This use of my client's copyrighted photograph constitutes unlawful copyright infringement under the United States Copyright Act, 17 U.S.C §§ 101 *et seq.*

Erickson hereby demands that you cease and desist infringing its copyright in all forms, and immediately remove the image from your website.  If you do not cease your infringing use of this image, Erickson may pursue litigation against you.

***Also, I want to be clear that, while removing the image from your website is a crucial first step, it does not fully resolve this matter.***  Erickson is in the business of licensing images, and such unauthorized uses of its copyrighted images are illegal and cause serious damage to my client's business.  Erickson is entitled to recover damages that have been caused by this infringement and demands payment for your unlicensed use of its image.  While my client would prefer to resolve this matter amicably, if a resolution cannot be reached expeditiously then Erickson may pursue litigation against you.

If you are cooperative, we are very hopeful that this matter can be resolved expeditiously and that we can reach a mutually agreeable resolution to this matter.  If not, Erickson reserves its rights to pursue this matter to the fullest extent necessary.

Please contact me immediately to discuss this matter.

Very truly yours,

Kevin McCulloch

LEGAL NOTICE:

Erickson reserves all rights and claims.  None of the statements made herein should be construed as waiving any of my client's claims, arguments, or rights.   Because this communication includes a confidential offer of compromise, it is subject to Federal Rule of Evidence 408.

This letter also serves as a notice of your obligation to preserve all evidence related to this matter, including electronically stored information.   Failure to preserve such information, including failure to cease manual overwriting or refusing to properly sequester electronically stored information, may constitute spoliation of evidence.

Page 3

8/14/2013

**Erickson Image**



**Screen Capture of Offending Web Page**





**Nelson & McCulloch** LLP
Intellectual Property Litigation
New York | District of Columbia
155 East 56th Street
New York, New York 10022
T: 212-355-6050
F: 646-308-1178

Dan Nelson*                                                                    Kevin P. McCulloch+

August 15, 2013

**VIA ELECTRONIC MAIL**
Zrii LLC
14183 South Minuteman Drive
Draper, UT 84020
Fax: (801) 878-8099
Email: service@zrii.com

      **Re:**   *Unauthorized Use of Copyrighted Image*

To Whom It May Concern:

My name is Kevin McCulloch.  I represent Erickson Productions, Inc. ("Erickson") which owns the copyrights in a photograph that Zrii LLC copied and published without permission to promote its products, including by using without permission on The All Star Life website.  I have attached copies of the image and a screen capture of the offending website.  This use of my client's copyrighted photograph constitutes unlawful copyright infringement under the United States Copyright Act, 17 U.S.C §§ 101 *et seq.*

Erickson hereby demands that you cease and desist infringing its copyright in all forms, and immediately remove the image from your website.  If you do not cease your infringing use of this image, Erickson may pursue litigation against you.

*__Also, I want to be clear that, while removing the image from your website is a crucial first step, it does not fully resolve this matter.__*  Erickson is in the business of licensing images, and such unauthorized uses of its copyrighted images are illegal and cause serious damage to my client's business.  Erickson is entitled to recover damages that have been caused by this infringement and demands payment for your unlicensed use of its image.  While my client would prefer to resolve this matter amicably, if a resolution cannot be reached expeditiously then Erickson may pursue litigation against you.

If you are cooperative, we are very hopeful that this matter can be resolved expeditiously and that we can reach a mutually agreeable resolution to this matter.  If not, Erickson reserves its rights to pursue this matter to the fullest extent necessary.

Please contact me immediately to discuss this matter.

*Admitted in NY and CO
+Admitted in NY and DC
www.nelsonmcculloch.com

Very truly yours,

Kevin McCulloch

**LEGAL NOTICE:**

Erickson reserves all rights and claims.  None of the statements made herein should be construed as waiving any of my client's claims, arguments, or rights.   Because this communication includes a confidential offer of compromise, it is subject to Federal Rule of Evidence 408.

This letter also serves as a notice of your obligation to preserve all evidence related to this matter, including electronically stored information.   Failure to preserve such information, including failure to cease manual overwriting or refusing to properly sequester electronically stored information, may constitute spoliation of evidence.

Page 3

8/15/2013

**Erickson Image**



**Screen Capture of Offending Web Page**





**Nelson & McCulloch** LLP

Intellectual Property Litigation
New York | District of Columbia

155 East 56th Street
New York, New York 10022
**T:** (212) 355-6050
**F:** (646) 308-1178

Dan Nelson*                                                                               Kevin P. McCulloch+

January 13, 2014

**VIA U.S. MAIL and E-MAIL**

Zrii LLC
14183 S. Minuteman Dr.
Draper, UT 84020

To Whom It May Concern:

My name is Kevin McCulloch. I represent Erickson Productions, Inc. ("Erickson") which owns the copyrights in a photograph that Zrii LLC ("Zrii") has used and appears to be still using without permission to promote its Amalaki product. We previously sent a cease and desist letter to one of Zrii's advertising/promotional partners, All Star Life, on August 14, 2013. In response to that letter, we were contacted by Dr. John Levine who confirmed that the advertisement had been created and provided to him by Zrii. We thus sent a cease and desist letter to Zrii directly on August 15, 2013, and received a response from the Executive Support Department advising us that the letter was being referred to Zrii's Compliance Department for review. Unfortunately, we have not received any response since that time.

Once again, Zrii's use of my client's copyrighted photograph constitutes unlawful copyright infringement under the United States Copyright Act, 17 U.S.C §§ 101 *et seq.* Erickson thus reiterates its demand that you cease and desist infringing its copyright in all forms, and immediately remove the image from your website. In addition, Erickson also demands that Zrii explain how and when it acquired a copy of the photo in question and disclose all uses of the photo in Zrii's advertising and promotions. If you do not immediately comply with these demands, I have been authorized to file suit in federal court to protect Erickson's copyrights.

I look forward to your prompt response.

Regards,

Kevin McCulloch

*Admitted in NY and CO
+Admitted in NY, WA and DC
**www.nelsonmcculloch.com**

**LEGAL NOTICE:**

Erickson reserves all rights and claims.  None of the statements made herein should be construed as waiving any of my client's claims, arguments, or rights.   Because this communication includes a confidential offer of compromise, it is subject to Federal Rule of Evidence 408.

This letter also serves as a notice of your obligation to preserve all evidence related to this matter, including electronically stored information.   Failure to preserve such information, including failure to cease manual overwriting or refusing to properly sequester electronically stored information, may constitute spoliation of evidence.

**EXHIBIT 2**

**Kevin McCulloch**

| | |
|---|---|
| **From:** | Compliance Email <compliance1@zrii.com> |
| **Sent:** | Tuesday, January 14, 2014 1:45 PM |
| **To:** | Kevin McCulloch |
| **Subject:** | RE: Zrii - Illegal Use of Copyrighted Photos |
| **Attachments:** | TheAllStarLife - Site research.docx |

Kevin,

Thank you for your reply. I have reviewed the provided information and found that the website shown in the screenshot is no longer available. When searching for theallstarlife.com, it is a parked website which is hosted by GoDaddy and is not connected to Zrii. I checked the whois domain tools website and confirmed that theallstarlife.com is not a Zrii website. It is registered to Jonathan Levine, who is not (nor has he ever been) an employee or agent of Zrii. Attached is a word document showing the screenshots taken today of theallstarlife.com and whois domain tools site as they appear today.

In reviewing our system, I found that at one time Jonathan Levine was an Independent Executive (and Independent Distributor), but his account with us was cancelled six months ago. I have also consulted with our Marketing Department who informed me they have never seen the image in question, so the image was not provided by us.

If the image is currently displayed on any websites that appear to be connected to Zrii, please let me know and I will be happy to research this fuller.

Thanks,

Zrii Compliance Department

14183 S. Minuteman Dr. | Draper, UT 84020
T 801.878.8000
W www.zrii.com | E compliance@zrii.com

---

**From:** Kevin McCulloch [mailto:kmcculloch@nelsonmcculloch.com]
**Sent:** Tuesday, January 14, 2014 10:11 AM
**To:** Compliance Email
**Subject:** RE: Zrii - Illegal Use of Copyrighted Photos

The photo and usage in question were attached at page 3 of all prior letters.  The use is attached here again.

**Kevin P. McCulloch**
Attorney at Law
Nelson & McCulloch LLP
155 East 56th Street
New York, New York 10022
Office: (212) 355-6050
Cell: ?$H$BÖĐG<<QXŎ
Fax: (646) 308-1178

'\   cculloch@nelsonmcculloch.comŎ
www.nelsonmcculloch.comŎ

1

# EXHIBIT 3



# EXHIBIT 4



**EXHIBIT 5**



**EXHIBIT 6**

Zrii Life | Facebook



Type any name

**EXHIBIT 7**

Historia y Filosofía de Zrii - Amalaki Vida



# AMALAKI VIDA Y JUVENTUD
## Distribuidor Independiente Colombia

**Inicio**
**Pre-apertura en Colombia**
**Quienes somos**
**Que es Zrii**
**Productos**
**Respaldo Centro Chopra**
**Historia y Filosofía de Zrii**
**Que es Ayurveda?**
**Tratamientos Ayurveda**
**Alimentacion Ayurveda**
**Estamos buscando socios....**
**Como me inscribo a Zrii?**
**Costos Zrii en Colombia**
**Como gano dinero con Zrii**
**Ultimas Noticias**
**Testimonios**
**Capacitacion**
**Descargas de Material**
**Fotos**
**Libro de visitas**
**Contacto**
**Tienda Virtual**

## ¿DE DÓNDE PROVIENE ZRII? DE UNA POTENTE FUSIÓN DEL PASADO Y EL PRESENTE.

Durante siglos la filosofía ayúrveda ha identificado al amalaki como una fuente poderosa para el cuerpo, la mente y el espíritu. Es más, por miles de años se le ha venerado y aun en la actualidad existe un día feriado en su honor. Los demás ingredientes también por mucho tiempo se han considerado fuentes para lograr mejor salud y bienestar.

Pero para el bienestar suyo y el de sus seres queridos, una larga historia no basta para comprobar su valor. Es por eso que Zrii respalda esa profunda tradición con los últimos avances científicos.

Por ejemplo, muchos estudios contemporáneos de la ciencia y la nutrición han demostrado que amalaki merece la alta reputación que ha tenido por 5,000 años. Existe un número significativo de investigaciones que demuestran que amalaki contiene una gama nutritiva increíble, colmada de fitonutrientes con un potencial que recientemente está en vías de descubrimiento y que, sin duda, tiene la capacidad de mejorar la salud y el bienestar.

La antigua sabiduría y la ciencia moderna también se unieron en el equipo que elaboró la

**AMALAKI VIDA**
Barranquilla            -
Colombia
zrii@amalakivida.com

**Boletín de noticias**
Dirección de email

**VISITAS:**
026204

026204

**ENVÍA ESTA PÁGINA A UN AMIGO**
Indica su e-mail: